UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONT'A M. GOODLOW,

    Plaintiff,

v.

MATTHEW PORTER,

    Defendant.
_____/

Case No. 2:23-cv-12992
District Judge Matthew F. Leitman
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION
TO GRANT IN PART AND DENY IN PART
DEFENDANT'S MOTION TO DISMISS OR
FOR MORE DEFINITE STATEMENT (ECF No. 10)
AND
TO RESOLVE PLAINTIFF'S MOTION (ECF No. 12)**[1]

### I. Introduction

This is a civil case rights case asserting violations of federal and state law. Plaintiff Dont'a M. Goodlow (Goodlow), proceeding *pro se*, is suing defendant Matthew Porter (Porter), alleging that her rights were violated during a traffic stop conducted by Porter. *See* ECF No. 1. All pretrial matters have been referred to the undersigned. (ECF No. 9).

---

[1] Upon review of the motions, the undersigned deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

Before the Court is Porter's motion to dismiss or for a more definite statement. (ECF No. 10). Goodlow filed a "motion" in response to Porter's motion, (ECF No. 12), and the time for Porter to file a response or reply has passed. For the reasons that follow, the undersigned RECOMMENDS that Porter's motion be GRANTED IN PART and DENIED IN PART, and that Goodlow's motion be deemed RESOLVED. In short, Porter's request for a more definite statement should be GRANTED but his request for dismissal should be DENIED.

## II. Background

On November 27, 2023, Goodlow filed a complaint titled "CRIMINAL/CIVIL COMPLAINT TO MICHIGAN FEDERAL BUREAU OF INVESTIGATION." (ECF No. 1). Goodlow named Porter (a Flint Police Officer) as the sole defendant and listed the following four charges: (1) violation of Fourth Amendment rights; (2) use of excessive force in violation of federal law; (3) deprivation of an individual's rights under Michigan law; and (4) failure to read rights during arrest. (*Id.*, PageID.1). Goodlow alleges that on November 20, 2023, Porter conducted a traffic stop during which he violated her rights. (*Id.*, PageID.2). She also requests a subpoena for Porter's body camera footage. (*Id.*).

On January 24, 2024, Porter filed a five-page motion to dismiss or for a more definite statement. (ECF No. 10). Porter explains that Goodlow

2

> included four separate counts, none of which were identified such that [he] could fully and clearly understand the violations of which he has been accused. The failure to specify counts pursued in the Complaint coupled with ambiguity in pleading has caused [Porter] to lack the information needed to understand the nature of the claim he is being called upon to defend in violation of Fed. R. Civ. P. 8(a). As such, [Porter] asks this Court to instruct [Goodlow] to specify the claims or causes of action [she is] making against [him].

(*Id.*, PageID.18). Porter notes that Goodlow failed to include (1) the grounds for jurisdiction, (2) a short and plain statement showing that she is entitled to relief, and (3) a demand for the relief sought. (*Id.*, PageID.18-19). In his conclusion, Porter requests dismissal or alternatively that the Court require Goodlow to file a more definite statement. (*Id.*, PageID.19).

About a week later, on February 1, 2024, Goodlow filed a response to Porter's motion, which she titled as a motion. (ECF No. 12). In her filing, Goodlow provides more factual details to support her claims. (*Id.*, PageID.24). She also requests the following relief:

1. A subpoena for Porter's body camera footage from November 20, 2023;

2. Compensation for the violation of her Fourth Amendment rights;

3. The dismissal of her criminal charges; and

4. Unspecified relief for unlawful detainment, unlawful arrest, and incarceration without a crime being committed.

(*Id.*).

### III. Legal Standards

#### A. Motion for More Definite Statement

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The federal rules provide that "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). But "[i]f the complaint meets the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, the motion should be denied." *McCloy v. Corr. Med. Servs.*, No. 07-13839, 2008 WL 5350623, at *1 (E.D. Mich. Dec. 18, 2008). "Whether to grant a motion for a more definite statement is within the discretion of the trial court." *Boddie v. MTD*, No. 07-1227-T, 2008 WL 11320012, at *3 (W.D. Tenn. July 25, 2008) (citing 5A Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1376).

#### B. Motion to Dismiss

When deciding a motion under Federal Rule of Civil Procedure 12(b)(6) or 12(c), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605,

608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims

that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

IV. Analysis

As to Porter's request for a more definite statement, the undersigned agrees that Goodlow's complaint does not provide sufficient notice to Porter of the claims against him. Although the rules only require a short and plain statement of her claims, that statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up). Goodlow has not stated a sufficient factual basis for the claims she asserts, and the claims themselves are also unclear. Goodlow lists claims at the top of her complaint but does not tie those claims to any facts. Additionally, she does not provide a statement of the grounds for the Court's jurisdiction nor a demand for the relief sought. As such, Porter's request for a more definite statement is well-taken and should be granted.

As to Porter's request for dismissal, given Goodlow's *pro se* status and the fact that she has not yet amended her complaint, the undersigned recommends that she be given the opportunity to file an amended complaint rather than grant

Porter's request for dismissal. If this recommendation is adopted, Goodlow should be directed to file an amended complaint that complies with the following four instructions.

**First**, Goodlow's amended complaint must have a caption, stating the Court's name (**United States District Court, Eastern District of Michigan, Southern Division**), a title (**Amended Complaint**), and a file number (**2:23-cv-12992**). *See Robinson v. Fifth Third Bank*, No. 1:21-CV-279, 2021 WL 5606972, at *2 (W.D. Mich. May 5, 2021) (citing Fed. R. Civ. P. 10(a)).

**Second**, that amended complaint must set out **claims for relief**.

> A pleading that states a claim for relief must contain: (1) **a short and plain statement** of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) **a short and plain statement** of the claim showing that the pleader is entitled to relief; and (3) **a demand for the relief sought**, which may include relief in the alternative or different types of relief.

*Id.* (quoting Fed. R. Civ. P. 8(a)) (emphasis added in *Robinson*).

**Third**, Goodlow must set forth the facts supporting her claims for relief in **numbered paragraphs** with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

**Fourth**, Goodlow "must set out the **legal or statutory authority** for each of her claims." *Robinson*, at *2 (emphasis added).

7

V.     *Pro Se* Resources

The undersigned encourages Goodlow to utilize the resources available to *pro se* litigants in the Eastern District of Michigan. Her attention is directed to the Representing Yourself tab on the Court's website, www.mied.uscourts.gov.

The undersigned also suggests that she seek assistance from either the *Pro Se* Case Administrator or the University of Detroit Mercy Law School Federal *Pro Se* Legal Assistance Clinic. The *Pro Se* Case Administrator can be reached by telephone at (313) 234-2681 or email at richard_loury@mied.uscourts.gov. The *Pro Se* Legal Assistance Clinic can be reached by telephone at (313) 234-2690 or email at proseclinic@udmercy.edu. The Clinic is open on Mondays, Wednesdays, and Fridays from 1 p.m. to 5 p.m.

VI.     Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Porter's motion to dismiss or for a more definite statement, (ECF No. 10), be GRANTED as to the more definite statement and DENIED as to the dismissal. Goodlow's motion should also be deemed RESOLVED. Specifically, it is recommended that Goodlow be ordered to file an amended complaint within a reasonable time. Goodlow's amended complaint should include a caption, state each of her claims for relief, list the facts supporting those claims chronologically in numbered paragraphs, and provide the legal or statutory authority for each of those claims.

| | |
|---|---|
| Dated: March 1, 2024 | s/Kimberly G. Altman |
| Detroit, Michigan | KIMBERLY G. ALTMAN |
| | United States Magistrate Judge |

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 1, 2024.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager
