UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONT'A M. GOODLOW,

    Plaintiff,

v.

                                      Case No. 23-cv-12992
                                      Hon. Matthew F. Leitman

MATTHEW PORTER,

    Defendant.

_____/

**<u>ORDER (1) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 15), (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT (ECF No. 10), AND (3) TERMINATING PLAINTIFF'S MOTIONS (ECF Nos. 12, 17)</u>**

In this action, Plaintiff Dont'a M. Goodlow alleges that Defendant Matthew Porter, an officer with the Flint Police Department, violated her civil rights during a traffic stop. (*See* Compl., ECF No. 1.)  On January 24, 2024, Porter filed a motion to dismiss or for a more definite statement. (*See* Mot., ECF No. 10.)  Goodlow filed a response on February 1, 2024. (*See* Goodlow Resp., ECF No. 12.[1])

The motion was referred to the assigned Magistrate Judge.  On March 1, 2024, the Magistrate Judge issued a report and recommendation in which she

---

[1] Goodlow titled her response as a "motion." To the extent that the Goodlow's response is pending on the Court's docket as a motion, the Court **TERMINATES** it.

1

recommended that the Court grant the motion in part and deny the motion in part (the "R&R"). (*See* R&R, ECF No. 15.) More specifically, the Magistrate Judge recommended that the Court deny the motion to the extent that it sought dismissal of Goodlow's claims but grant the motion to the extent that it requested a more definite statement. (*See id.*, PageID.35-36.) The Magistrate Judge then recommended that the Court direct Goodlow to file a First Amended Complaint that complied with four specific requirements (quoted below). (*See id.*)

At the conclusion of the R&R, the Magistrate Judge informed that the parties that if they wanted to object to her recommendations, they needed to file specific objections with the Court within fourteen days. (*See id.*, PageID.38-39.) The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985). *See also Ivey v. Wilson*, 832 F.2d 950, (6th Cir. 1987) (explaining that where party fails to file "timely objections" to report and recommendation, court may accept that recommendation "without expressing any view on the merits of the magistrate's conclusions"). Likewise, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Porter has not filed any objections to the R&R. Goodlow has not filed timely objections to the R&R. Instead, on April 3, 2024, Goodlow filed what she called a

2

"Motion to Proceed in Rights of the Sixth Amendment." (*See* Mot., ECF No. 17.) To the extent that that motion seeks to object to the R&R, the objections are **OVERRULED** for two reasons. First, the objections are untimely. Goodlow's objections were due no later than March 15, 2024. Thus, her motion, if construed as objections, was filed more than two weeks late. Second and more importantly, Goodlow's "motion" does not identify any legal error in the R&R or any particular portion of the R&R to which Goodlow objects. The objections are therefore insufficient as a matter of law. *See, e.g.*, *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that plaintiff's "conclusory objections" that did not address reasoning of the Magistrate Judge were "insufficient to preserve his appeal of the district court's judgment"). For each of those independent reasons, the motion provides no basis to reject the Magistrate Judge's recommended disposition of Porter's motion.

To the extent that the motion is an attempt by Goodlow to file an Amended Complaint, the Court will **TERMINATE** the motion and provide Goodlow one final opportunity to file an Amended Complaint that fully complies with the requirements set forth in the R&R.

Accordingly, for the reasons explained above, **IT IS HEREBY ORDERED** that the Magistrate Judge's recommended disposition of the Porter's motion to dismiss or for a more definite statement is **GRANTED**.

3

**IT IS FURTHER ORDERED** that Porter's motion is **GRANTED** to the extent that it seeks a more definite statement and **DENIED** to the extent that it seeks to dismiss Goodlow's claims.

Finally, **IT IS FURTHER ORDERED** that by no later than **July 1, 2024**, Goodlow shall file a First Amended Complaint in this action. The First Amended Complaint shall strictly comply with the following requirements, as identified by the Magistrate Judge in the R&R:

> First, Goodlow's amended complaint must have a caption, stating the Court's name (United States District Court, Eastern District of Michigan, Southern Division), a title (Amended Complaint), and a file number (2:23-cv-12992). *See Robinson v. Fifth Third Bank*, No. 1:21-CV-279, 2021 WL 5606972, at *2 (W.D. Mich. May 5, 2021) (citing Fed. R. Civ. P. 10(a)).
>
> Second, that amended complaint must set out claims for relief.
>
>> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
>
> *Id.* (quoting Fed. R. Civ. P. 8(a)) (emphasis added in *Robinson*).

Third, Goodlow must set forth the facts supporting her claims for relief in numbered paragraphs with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Fourth, Goodlow "must set out the legal or statutory authority for each of her claims." *Robinson*, at *2 (emphasis added).

(R&R, ECF No. 15, PageID.36.) If Goodlow does not file a First Amended Complaint by July 1, 2024, that complies with these requirements, the Court will dismiss this action without prejudice.

    **IT IS SO ORDERED**.

                                      s/Matthew F. Leitman
                                      MATTHEW F. LEITMAN
                                      UNITED STATES DISTRICT JUDGE

Dated: May 22, 2024

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 22, 2024, by electronic means and/or ordinary mail.

                                      s/Holly A. Ryan
                                      Case Manager
                                      (313) 234-5126